# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

**Eric Deroy Nelson**                                                                  **Plaintiff**

**v.**                          **No. 4:14-CV–472-SWW-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                  **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Susan W. Wright.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wright may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Eric Deroy Nelson seeks judicial review of the denial of his second application for social security disability benefits.[3] The Commissioner granted Nelson's third application. In the past, Nelson worked primarily as a auto detailer.[4] He lost his job when his place of employment closed.[5] He later worked as a janitor, but lost his job after a few months.[6] Five months later, he applied for disability benefits. He based disability on left-ear hearing loss.[7]

**The Commissioner's decision.** After considering the application, the Commissioner's ALJ identified hearing loss in both ears as severe impairments,[8] but determined Nelson could do work that doesn't require excellent hearing,[9] to include

---

[3]SSA record at pp. 82 & 88 (applying on July 7, 2011 and alleging disability beginning Jan. 10, 2011). *See id*. at pp. 95 & 120 (indicating prior application alleged disability beginning June 15, 2002; denied on Jan. 30, 2003) & p. 218 (suggesting first application was based on back pain).

[4]*Id*. at pp. 30, 112 & 155.

[5]*Id*. at pp. 30-31.

[6]*Id*. at pp. 31-32 & 125.

[7]*Id*. at p.124.

[8]*Id*. at p. 14.

[9]*Id*. (excluding work that doesn't involve concentrated exposure to hazards due to hearing loss or require excellent hearing).

his past work as an auto detailer and production assembler.[10]  Because a person who can do his past work is not disabled under social security law,[11] the ALJ denied the application.[12]

After the Appeals Council denied review,[13] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[14]  Nelson filed this case to challenge the decision.[15]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[16] This recommendation explains why substantial evidence supports the decision

---

[10]*Id*. at p. 17.

[11]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[12]SSA record at p. 18.

[13]*Id*. at p. 1.

[14]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[15]Docket entry # 1.

[16]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

and why the ALJ made no legal error.

**Nelson's allegations**. Nelson asks the court to remand this case to develop the record about hearing loss. Although the record includes two recent hearing examinations, Nelson contends the record doesn't document the hearing examiners' professional qualifications or quantify the overall impact of hearing loss on his ability to communicate in a work setting. Nelson suggests the decision is incorrect because the Commissioner granted the third application. For these reasons, he maintains substantial evidence does not support the ALJ's decision.[17]

**Applicable legal principles**. The ALJ has a duty to fairly and fully develop the record as to the matters at issue.[18] Despite this duty, the claimant bears the burden of proving disability,[19] to include providing medical evidence demonstrating disability.[20] Claimants like Nelson, who proceed without legal representation, aren't expected to be familiar with the intricacies of agency procedures, but the ALJ is not required to act as the claimant's "substitute counsel, but only to develop a reasonably complete

---

[17]Docket entry # 10.

[18]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974).

[19]*Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010).

[20]*Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so.").

record."[21] A claimant who contends the ALJ failed to adequately develop the record bears a heavy burden; the claimant "must show both a failure to develop necessary evidence and unfairness or prejudice from that failure."[22]

**Nelson cannot show a failure to develop necessary evidence and unfairness, or prejudice, because the ALJ developed a reasonably complete record**. A fully and fairly developed record addresses the matters at issue.[23] Nelson's allegations placed hearing loss at issue. Although Nelson provided the report of a fairly recent hearing exam — one done by a board certified hearing examiner[24] — the ALJ ordered a consultative exam.[25] Unlike the examiner for the provided exam, the agency exam was conducted by an ear, nose and throat specialist and an audiologist. Nelson contends the record doesn't reflect the examiner's professional qualifications, but the record shows the consultative exam was done by professionals meeting regulatory

---

[21]*Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994).

[22]*Combs v. Astrue*, 243 Fed. App'x 200, 205 (8th Cir. 2007).

[23]*Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010); *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010); *Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974).

[24]SSA record at pp. 194-95.

[25]*Id*. at p. 210 (authorizing to Dr P. Scott Ballinger — an ear, nose, and throat specialist — to conduct an exam, to include ear, nose and throat examination; and audiometric testing to include speech reception threshold, pure tone air and bone audiometry at 500, 100, 2000 & 4000 HZ and speech discrimination).

requirements.[26] Nelson's complaint about professional qualifications provides no basis for relief.

**The evidence shows Nelson's hearing loss wasn't disabling during the time period for which benefits were denied**. An impairment which can be controlled by treatment isn't disabling under social security law.[27] Both hearing examiners confirmed that Nelson lacks hearing in his left ear, but also reported moderate to profound sensorineural hearing loss in the right ear.[28] Sensorineural hearing loss flows from an inner-ear problem and reduces a person's ability to hear faint sounds; causes include exposure to loud noise, certain illness, and aging.[29] Sensorineural hearing loss can be treated or managed by hearing aids.[30] Both examiners recommended a hearing aid.[31] The recommendation indicates Nelson's hearing loss

---

[26] 20 C.F.R. pt. 404, subpt. P, app. 1, § 2.00B1 (requiring otologic examination and audiometric testing to establish hearing loss, with audiometric testing done within two months of otologic examination; otologic examination must be done by licensed physician; audiometric testing must be done by, or under direct supervision of, licensed otolaryngologist or qualified audiologist).

[27] *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004); *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[28] SSA record at pp. 194-95 & 211-13.

[29] J. Ricker Polsdorfer, 3 The Gale Encyclopedia of Med. 1985 (4th ed.).

[30] *Id*. at pp. 1986-87.

[31] SSA record at pp. 195 & 212.

can be improved by a hearing aid. Amplified hearing in one ear does not equate to disability.[32]

**The ALJ accounted for the effects of hearing loss**. People with sensorineural hearing loss have "particular trouble selecting out speech from background noise."[33] A high score on a speech discrimination test means that a person with sensorineural hearing loss can benefit from a hearing aid, because amplifying the volume of spoken words will help him understand speech better.[34] Nelson complains about the overall impact of his hearing loss on his ability to communicate at work, but the agency examiner reported a 100% speech discrimination score in the right ear.[35] That score indicates a hearing aid will improve Nelson's ability to communicate in a work setting, but Nelson doesn't have a hearing aid due to financial constraints. Nelson worked most of his adult life without hearing in the left ear and without amplified hearing in the right ear. According to agency medical experts, Nelson must avoid

---

[32]Qualifying for disability benefits based on hearing alone requires the following: "An average air conduction hearing threshold of 90 decibels or greater in the better ear and an average bone conduction hearing threshold of 60 decibels or greater in the better ear … OR … A word recognition score of 40 percent or less in the better ear determined using a standardized list of phonetically balanced monosyllabic words). 20 C.F.R. pt. 404, subpt. P, app. 1, § 2.10.

[33]J. Ricker Polsdorfer, 3 The Gale Encyclopedia of Med. 1986 (4th ed.).

[34]Carol A. Turkington, 3 The Gale Encyclopedia of Med. 1981 (4th ed.).

[35]SSA record at pp. 211-12.

work requiring excellent hearing and concentrated exposure to noise.[36] The ALJ included those limitations in determining Nelson's ability.[37] A reasonable mind would accept the evidence as adequate to show Nelson can work, especially with amplified hearing.

**Vocational evidence shows Nelson could do his past work**. Hearing loss is a non-exertional limitation that the ALJ must consider when determining a person's ability to work. When a person has a non-exertional limitation, the ALJ must consult a vocational expert to determine whether work exists that the claimant can do.[38] The ALJ asked a vocational expert whether a person with Nelson's limitations could do his past work.[39] The vocational expert testified that a person with those limitations can do Nelson's past work as an auto detailer and a production assembler.[40] A person

---

[36]*Id*. at pp. 208-09.

[37]*Id*. at p. 14.

[38]*Stewart v. Shalala*, 957 F.2d 581, 586 (8th Cir. 1992) (ALJ must use vocational expert testimony or similar evidence when claimant has a nonexertional impairment); *Gilliam v. Califano*, 620 F.2d 691, 694 n.1 (8th Cir. 1980) (purpose of a vocational expert is "to assess whether jobs exist for a person with the claimant's precise disabilities").

[39]SSA record at p. 34.

[40]*Id.*

who can do his past work is not disabled under social security law.[41] A reasonable mind would accept evidence as adequate to show Nelson could do his past work.

**The award of benefits for the third application has no bearing on this case**. The Commissioner granted Nelson's third application, but neither that application nor the evidence supporting the benefits award is before the court. When reviewing the denial of an application for disability benefits, the court must consider the record as it existed before the agency. An award flowing from a subsequent application does not mean the ALJ failed to fully and fairly develop the record for the earlier application, because other factors can lead to an award. Age likely played a bigger role in the third application, because age plays a greater role after a person reaches age 50.[42] In the second application, Nelson claimed he had been disabled before reaching age 50. The decision for the third application flowed from a later onset date — at least 25 months after the date alleged in this case. Even without deteriorated impairment, age would have played a bigger role.

---

[41] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[42] 20 C.F.R. §§ 404.1563(d) & 416.963(d).

**Conclusion and Recommended Disposition**

Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Nelson's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 29th day of May, 2015.

_____
United States Magistrate Judge